IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 18-362-RGA |
| ATLANTIC BROADBAND FINANCE, LLC, et al., | : : : | |
| Defendants. | : : | |

MEMORANDUM ORDER

Defendant ABB[1] filed a motion for summary judgment of no willful infringement. (D.I. 280). The motion is fully briefed. (D.I. 281, 333, 363).

ABB asserts that the only two patents for which it was alleged to willfully infringe—the '131 and '918 patents—have both been dismissed. (D.I. 281 at 1). It cites the allegations of the second amended complaint where the willful infringement allegations are made in regard to those two patents. (*Id.* at 4-5, citing D.I. 237, Counts 13 and 14, at ¶¶ 125, 130). The other thirteen counts in the second amended complaint have no willfulness allegations. The Prayer for Relief includes the request for a "finding that [ABB] has willfully infringed one or more claims of the Asserted Patents." (D.I. 237 at 43).

ABB states that the only identified willfulness evidence against it is a meeting held in about 2009.

ABB argues that the lack of factual allegations in the complaint on the currently asserted patents is fatal to the willfulness claim. (D.I. 281 at 7).

---

[1] ABB is shorthand for the various defendants in No. 18-362.

ABB argues that all asserted patents had expired by 2016, before suit was filed, and that there is no evidence that ABB knew of the existence of the asserted patents before expiration. (*Id.* at 8-9). ABB also argues that there is no evidence that any actions or knowledge on its part that could rise to the level of willfulness. (*Id.* at 9-10).

Sprint's statement of facts is noteworthy for what it does not say. Not once does Sprint assert that it has any evidence that ABB knew of any of the currently asserted patents before they expired. (D.I. 333 at 10-11). Nor does it say that at any point before this lawsuit was filed did anyone from Sprint tell anyone from ABB that ABB's activities infringed any of the patents-in-suit or indeed any of Sprint's patents. (*Id.*). Instead, Sprint relies upon very general statements, to wit: (1) a Sprint salesman told ABB in 2005 that it had 120 patents related to VoIP, which covered the product that Sprint was offering for sale to ABB; (2) in 2007, when Sprint was suing Vonage, ABB talked to its VoIP vendor about obtaining indemnity for infringement;[2] (3) in 2009, Sprint executives told ABB's executives that Sprint had an extensive patent portfolio relating to VoIP and had sued Vonage on patents in that portfolio; (4) General Counsel for Wave discussed Sprint's lawsuits involving some "of the same patents" with ABB[3]; and (5) ABB does not perform patent clearance searches and has never designed around someone else's patent. (*Id.* at 10-11).

---

[2] Plaintiff cites Ex. II, Isenberg Dep. Tr. 147-152 & 156 for this assertion. I reviewed the transcript, which can be found starting at D.I. 334-1, at 842 of 1002. Isenberg was the Senior Director of Products at ABB. Isenberg negotiated the obtaining of commercial wholesale enterprise VoIP services from NGT for ABB. During the cited portion, while no mention is made of Sprint, Isenberg does discuss an email from NGT "regarding the infringement indemnity issue" and that there was "some unknown IP risk." That is about the sum of it.

[3] Plaintiff cites Ex. BB, Penney Dep. Tr. 53:18 to 56:15 for this assertion. I reviewed the transcript, which can be found starting at D.I. 334-1, at 643 of 1002. Penney was General Counsel at Wave. His testimony was that he was aware of Sprint's initiation of patent litigation against other cable operators and discussed them with other people in the industry. He only recalled one person in particular with whom he discussed the litigation. That person was general counsel at WOW. He also said he had "contact on a fairly regular basis" with other general counsel, one of whom was ABB's. He did not say that he had discussed any patents in particular with anyone and he did not say that he had discussed the Sprint litigation with anyone at ABB.

The Federal Circuit recently held:

> Willful infringement is a question of fact. *Polara Eng'g Inc. v. Campbell Co.*, 894 F.3d 1339, 1353 (Fed. Cir. 2018). To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016). As the Supreme Court stated in *Halo*, "[t]he sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 1932. A patentee needs to show by a preponderance of the evidence the facts that support a finding of willfulness. *Id.* at 1934. . . . Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness.

*Bayer Healthcare LLC v. Baxalta Inc.*, No. 2019-2418, slip op. at 34, 36 (Fed. Cir. Mar. 1, 2021).

Sprint's evidence is insufficient to create a disputed issue of material fact in regard to willfulness. It identifies no evidence that ABB knew of any of the remaining asserted patents. It does not offer any evidence that ABB knew that it was infringing the patents-in-suit or that ABB thought it was infringing some intellectual property right of Sprint. Thus, it has no specific intent evidence, and thus no case for willfulness.

Defendant ABB's motion for summary judgment of no willful infringement (D.I. 280) is **GRANTED**.

IT IS SO ORDERED this 16th day of March 2021.

/s/ Richard G. Andrews<br>United States District Judge