IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SPRINT COMMUNICATIONS                    :
COMPANY, L.P.,                           :
                                         :
            Plaintiff,                   :
                                         :
      v.                                 :      Civil Action No. 18-362-RGA
                                         :
ATLANTIC BROADBAND                       :
FINANCE, LLC, et al.,                    :
                                         :
            Defendants.                  :


MEMORANDUM ORDER

Atlantic Broadband ("ABB") has moved for summary judgment of non-infringement.

(D.I. 272).  The motion is fully briefed.  (D.I. 273, 335, 365).

The gist of the motion is this.  ABB is a cable company.  It supplies VoIP services to its

customers, which it implements through a contract with Net2Phone ("N2P").  All asserted claims

require, at a minimum, that a method be performed which involves the handoff (or

interconnection) of a telephone call to or from VoIP at ABB's end with a caller at the other end

who may be using VoIP or PSTN.  For those calls that connect with PSTN, the method claims (at

least for the purposes of this motion) are directly infringed.  But since the only handoffs ABB

takes part in are with N2P and those handoffs are IP-to-IP, ABB does not perform any step

involving the handoff of a telephone call from VoIP to PSTN.  Thus, it can only be liable for

direct infringement based on a theory of joint direct infringement with N2P.

Whether ABB can be held liable for practicing a method claim when at least one of the

steps necessary for infringement is performed by N2P is therefore the issue in this motion.

I do not think any of the above is disputed.  Further, there is a contract between ABB and N2P, which sets forth their relationship. It is an arms-length contract.  Sprint does not claim there is any sort of joint venture between ABB and N2P.

N2P is under an obligation pursuant to the contract to connect ABB's customers to the outside world.  Some of the outside world uses VoIP, and the parties agree that IP-to-IP connections are non-infringing.  (D.I. 275-2 at 268, 271 of 297).  Others in the outside world use PSTN, and it is undisputed that some amount of the time N2P connects calls itself between VoIP and PSTN.  Further, I think it is undisputed that N2P has options as to how it participates in completing a call between a VoIP user and a PSTN user.  That is, for example, for some PSTN users, N2P itself connects the VoIP user and the PSTN user.  For other calls, though, N2P may connect a PSTN user by a more circuitous route, that is, N2P may make an IP-to-IP connection with some other network and that network then makes the VoIP to PSTN connection.  I think it is undisputed that unless N2P makes the connection itself between the VoIP user and the PSTN user, then there is a third party (at least) that would be necessary for direct infringement.  (*See* D.I. 336-1 at 33 of 86 (¶ 207)).  A large part of ABB's argument is based on the idea that N2P has a choice that it makes on its own as to how to make connections, and, that if it chooses to make a VoIP to PSTN connection itself, ABB is not liable for that choice.

The Court of Appeals recently had the opportunity to "set forth the law of divided infringement."  I quote the Court at length:

> Direct infringement . . .  occurs where all steps of a claimed method are performed by or attributable to a single entity.  Where more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement. We will hold an entity responsible for others' performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise.

To determine if a single entity directs or controls the acts of another, we continue to consider general principles of vicarious liability.   In the past, we have held that an actor is liable for [direct] infringement . . .  if it acts through an agent (applying traditional agency principles) or contracts with another to perform one or more steps of a claimed method.  We conclude, on the facts of this case, that [direct infringement] liability . . .  can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance.  In those instances, the third party's actions are attributed to the alleged infringer such that the alleged infringer becomes the single actor chargeable with direct infringement. Whether a single actor directed or controlled the acts of one or more third parties is a question of fact, reviewable on appeal for substantial evidence, when tried to a jury.

[Joint enterprise requirements discussion deleted].

. . . [Direct infringement] is not limited solely to principal-agent relationships, contractual arrangements, and joint enterprise, as the vacated panel decision held.  Rather, to determine direct infringement, we consider whether all method steps can be attributed to a single entity.

*Akamai Techs., Inc. v. Limelight Networks, Inc*., 797 F.3d 1020, 1022–23 (Fed. Cir. 2015) (en banc) (citations and footnotes deleted).

The contract pursuant to which N2P provides services to ABB is in the record.  (D.I. 275-2 at 53 of 297).  The services provided include "the interconnection of calls between Subscribers and the Public Switched Telephone Network (PSTN)."  (*Id*. at 57 of 297).  The contract described the N2P Platform that is being contracted for.  It includes a "Media Gateway: Interface to the PSTN for all off-net access."  (*Id*. at 106 of 297).  N2P agrees to "provide, operate and maintain the [N2P] Platform."  (*Id*. at 61 of 297).  Plaintiff's expert opines that N2P's use of the Media Gateway (and other equipment described in the contract) necessarily means that N2P will performing the infringing step that ABB does not perform.  (D.I. 336-1 at 34 of 68).

I do not think the theoretical possibility that N2P could meet its contractual obligations to ABB to provide connections for PSTN calls without using the equipment it was required to have means that ABB is not the single entity that should be liable for the direct infringement here.  ABB contracted for the infringing service.  It required N2P to have the equipment necessary to

make the infringing connections.  A reasonable jury could conclude that ABB contracted for N2P to provide the missing step in the infringing method.

Thus, I will deny ABB's motion for summary judgment of non-infringement.  (D.I. 272).

IT IS SO ORDERED this 24th day of March 2021.


/s/ Richard G. Andrews
United States District Judge